Houston A. WHEELER, Jr.,
Plaintiff-Appellant,

v.

Raymond K. PROCUNIER,
Defendant-Appellee.

No. 72–1523.

United States Court of Appeals,
Ninth Circuit.

Dec. 23, 1974.

J. Anthony Kline, Public Advocates, Inc., San Francisco, Cal., for plaintiff-appellant.

W. Eric Collins, Deputy Atty. Gen. (appeared), San Francisco, Cal., for defendant-appellee.

---

Before BARNES and TRASK, Circuit Judges, and THOMPSON,* District Judge.

BARNES, Circuit Judge:

The appellant, a state prisoner, appeals from the dismissal of his complaint by the district court, which found the action failed to state a claim upon which relief can be granted. The complaint was brought under the provisions of 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. The primary issue raised with any specific and nonconclusory language in appellant's pro se complaint was the claim that he was transferred from the general prison population to "punitive segregation" confinement, without receiving due process safeguards, thus abridging his Fourteenth Amendment rights.

We now grant the rehearing requested by appellees.

This is, then, the third time that this case has come before this Court.[1] This rehearing is granted to assess the impact of the nonretroactivity holding in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), both on this Court's decision in Clutchette v. Procunier, 497 F.2d 809 (9th Cir. 1974), as modified on rehearing October 21, 1974, and our previous opinions in this case.

■■■■ The California Department of Corrections conducts 20,000 disciplinary actions annually (exclusive of juvenile or female infractions or transfers).[2] For

* The Honorable Gordon Thompson, Jr., United States District Judge for the Southern District of California, sitting by designation.

1. We heretofore denied relief in this case under date of January 14, 1974. Subsequently we granted a rehearing and reversed the district court on September 16, 1974, based on the original *Clutchette* opinion. On October 21, 1974, an "Opinion on Rehearing" was issued in *Clutchette* modifying the original *Clutchette* opinion.

2.

(Letterhead of
State of California—Health and Welfare Agency
Department of Corrections
Sacramento
Ronald Reagan, Governor)

March 5, 1974

Honorable Evelle Younger
Attorney General of California
300 McAllister Street
San Francisco, California 94102

Dear Sir:

SUBJECT: Population/Disciplinary Statistics—1973.

Records and files in this office, and information received from the various institutions, show the following totals:

| Institution | 1973 Population | 1973 Disciplinary Hearings |
|---|---|---|
| Sierra Conservation Center | 2,085 | 1,584 |
| California Conservation Center | 721 | 479 |
| California Correctional Institution | 1,150 | 1,314 |
| California Men's Colony | 2,616 | 2,766 |
| California Medical Facility | 1,961 | 1,449 |
| California Rehabilitation Center | 1,617 | 1,712 |
| Correctional Training Facility | 2,667 | 3,147 |
| Deuel Vocational Institution | 1,505 | 2,511 |
| Folsom | 2,037 | 1,199 |
| San Quentin | 3,096 | 2,727 |
| California Institution for Men | 2,102 | 940 |
| California Institution for Women | 929 | 662 |
| Total | 22,486 | 20,490 |

Sincerely,

/s/ L. M. Stutsman
For R. K. Procunier
Director of Corrections

this Court to apply *Clutchette* retroactively would release a deluge of actions by inmates seeking to resurrect old infractions in the hope of affecting present parole considerations. We find the same governmental interests in efficient prison administration which led the Supreme Court in *Wolff* to limit that decision's affect only to prospective application, are also present here. We therefore hold that our decision in *Clutchette* shall only be applied prospectively. *Cf.* M'Clary v. California Adult Authority No. 74–1281 Memorandum (9th Cir. decided 8/6/74); Goodman v. Kerr, No. 74–1778 Memorandum (9th Cir. decided 9/13/74). The alleged violation in this case, occurring in the fall of 1971, being both pre-*Clutchette,* and pre-*Wolff,* we find that the district court did not err in dismissing appellant's action pursuant to Rule 12(b)(6) F.R.Civ.P.

Our prior opinions of January 14, 1974 and September 16, 1974 are vacated, and the decision of the district court dismissing appellant's action is

Affirmed.